**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

**Criminal No.**
**11-CR-10201-NMG**

**UNITED STATES OF AMERICA**

**VS.**

**ROBERT GEORGE**

**MOTION TO COMPEL PRODUCTION OF EXCULPATORY EVIDENCE**

Now comes the defendant, Robert George, in the above captioned matter and respectfully moves, pursuant to LR 116.2(A) and 116.3(G) that this Honorable Court compel the government by court order to turn over the following exculpatory evidence pursuant to Brady vs. Maryland, 373 U.S. 83 (1963), Moore vs. United States, 408 U.S. 786 (1972); United States vs. Agurs, 427 U.S. 97 (1976), Giglio vs. United States, 405 U.S. 150 (1972); Kyles vs. Whitley, 514 U.S. 419 (1995), all of which has been previously requested by letter pursuant to Local Rule 116.3 on May 25, 2010;

1.) Disclosure of all witnesses whom the government anticipated will testify in this case as well as any fact witnesses even if they are not going to testify ;

2.) Copies of any books, papers, documents, photographs, tangible objects, buildings or places that you intend to reference or introduce into evidence at the time of trial.  I therefore would request copies of all photographs as well as copies of any video tapes or audio tapes in the care, custody and/or control of the government;

3.) Any notes, records or memoranda pertaining to scientific examinations of any physical objects or items;

4.) Early disclosure of Jencks Act materials in accordance with the statute;

5.) All search warrants, affidavits and returns;

6.) Any physical evidence that was obtained from the defendant or alleged co-conspirators that is intended for introduction into evidence at trial;

7.) Regarding electronic surveillance, as set forth in 18 U.S.C. §2510, disclosure of any wire communications or oral communications other than those set forth referring to consensual interceptions, copies which have not yet been provided;

8.) All rules, regulations, internal memoranda, logs, reports and protocol governing the conduct of the monitoring of the electronic surveillance and/or consensual recording conducted in this or any case by the United

States government as, in this case, the IRS and DEA, pertinent to the appropriate conduct of said monitoring;

9.) Copies of all consensual interceptions effectuated pursuant to applicable federal laws including Local Rule 116.1c(1)(d) and copies of any reports pertaining to such consensual recordings;

10.) All promises, rewards and inducements be produced forthwith as well as any and all exculpatory evidence pertaining to any witness, co-conspirator, co-defendant or cooperating witness or unindicted co-conspirator named or unnamed and whether they have any medical, psychiatric, drug, alcohol or physical impairment or medical care and treatment that would tend to indicate an impact on their ability to observe, hear and recall as well as testify to items being testified to;

11.) Copies of any record of prior convictions as well as probation records and pre-sentence report prepared for either Michael Hansen ("Hansen") and/or Ronald Dardinski ("Dardinski") in any case before the courts, state or federal;

12.) Disclosure as to whether or not the government intends to offer any evidence of any bad acts or misconduct of Robert A. George as that term

is defined under Rule 404b of the Rules of Criminal Procedure that the

government intends to rely on in the prosecution of this case in its case-

in-chief or in rebuttal thereof;

13.)    All rules, regulations, internal memoranda and protocol governing

the conduct of undercover informants who are law officers employed by

the United States government as, in this case, the FBI, pertinent to the

appropriate conduct of said undercover officers and agents including

physical confrontations, the use of force and engaging in any type of

opprobrious or disorderly conduct, whether or not in an effort to pass

the agent off as being an appropriate member of the target group or to

create credibility;

14.)    Copies of all still photographs, digital photographs and any other

photographs maintained in computers not yet downloaded or reduced

to copy;

15.)    All information as to any notes, records, contemporaneous notes,

dictations on tape recorder, digital or contemporaneously or, in some

fashion, records on computer or electronic retrieval from any

undercover agent who was involved in the investigation, targeting and
ultimate arrest of the defendant in this case;

16.)   All records, books, documents, rules, regulations, memoranda and
correspondence between the FBI and any other law enforcement
agency, including internal memoranda pertinent to this investigation;

17.)   Production of unredacted or altered videos;

18.)   Copies of all text messages, whether electronically stored or reduced
to writing and all communications between the undercover agent and
any of the defendants or alleged associates as well as any
correspondence and communications between the agents who were
working in the course of this investigation;

19.)   Disclosure of the make, model and type of electronic surveillance
equipment that was utilized by the DEA and/or state police or local law
enforcement authorities in collaboration with the DEA or IRS in the
instant investigation resulting in these indictments;

20.)   Copies of any police or other law enforcement reports, state, federal
or local, that have not been previously produced concerning the alleged
incident or matters relating to this incident, including but not limited to

inter-office or department memoranda, department "intelligence" reports and all interview and "incident" reports. If the reports are claimed to be privileged for whatever reason, the defendant requests that the government submit these reports to this Court for in-camera review for a determination of whether they contain any fact relevant to the crimes at issue. If any witness statement is not reduced to writing and is exculpatory, the defendant requests that the substance of the oral exculpatory statement be reduced to writing;

21.) Notes of all witness interviews including notes of interviews prepared by Assistant United States Attorneys in the course of this investigation;

22.) All Department of Correction records, including but not limited to logs and copies of his incoming and outgoing mail and visitors of Dardinski while he was incarcerated at MCI Concord, the Dukes County House of Correction and jail and any other correctional facility prior to the present time;

23.) All informant and handler files of Dardinski for the Department of Labor, the Internal Revenue Service, the Drug Enforcement

Administration, the Federal Bureau of Investigation and any other state or federal law enforcement agency for whom he worked;

24.)    Any and all files pertaining to any case in which Ronald Dardinski was a witness, subject, target, informant, confidential source or cooperating witness through the present'

25.)    All Department of Justice notice, clearance and other paperwork filed pursuant to Justice Department Guidelines under §9-2.032 and corresponding sections of the Department of Justice Policy and Responsibilities including but not limited to notification to the Attorney General of the potential conflicts of interest involving Carmen Ortiz, Jack Pirozzollo, Laura Kaplan, Ronald Dardinski, Joseph Tamuleviz and Frank Conway and an explanation of the same in any prosecution of Attorney George.  I am seeking documents disclosing whether the aforementioned parties' prior involvement with Attorney George in other cases was included in materials provided to the Criminal Division of the Attorney General's Office as dictated by the aforementioned provisions;

26.)   All statements, recorded and written, including prosecution and law
enforcement notes of Hansen;

27.)   All bank deposits and other corresponding financial records of
Hansen or any other person or thing regarding the receipt and disposal
of the $200,000.00 in cash from Dardinski on December 16, 2009 and
April 15, 2010;

28.)   All bank and financial records of Hansen or any other person or thing
regarding the $20,000.00 in cash allegedly given to Robert A. George by
him on or about September 23, 2010;

29.)   Any and all business and financial records regarding any dealings
between Hansen and Dardinski and any other person or thing between
February, 2009 and the present time relating to any banking, business,
financial or personal business unrelated to the allegations on trial;

30.)   All statements, recorded and written, including prosecution and law
enforcement notes of Dardinski;

31.)   All telephone records for 617-262-6900 and all connected lines for
November, 2004, December, 2004, January, 2009, February, 2009 and
March, 2009;

32.)   Unredacted criminal records of Dardinski and Hansen;

33.)   All telephone records, cellular and land, between Hansen and

Dardinski through 2011;

34.)   Identification of any criminal cases for which Dardinski was and is on

probation in 2009, 2010 and 2011;

35.)   Identification of the "various parking lots" referred to on page 4 of

your May 5, 2011 letter, other than the lot connected to the Dunkin'

Donuts on Route One in Westwood, Massachusetts where Attorney

George allegedly met with Ronald Dardinski as well as the times of such

encounters including any of the audio or video recordings of those

conversations;

36.)   Any and all audio and video recordings not previously provided,

related to Attorney George, Hansen and Dardinski;

37.)   CVs and personnel files of Joseph Tamuleviz ("Tamuleviz") and Frank

Conway ("Conway");

38.)   Grand jury testimony of Hansen, Dardinski, Tamuleviz and Conway in

this case;

39.)   Any and all files pertaining to any case in which Hansen was a

witness, subject, target, informant, confidential source or cooperating

witness through 2011;

40.)   All bank statements for account number 590151040 at Needham

Bank in the name of Hansen or any other name or thing for the years

2009 and 2010;

41.)   All bank statements for account number 590055490 at Needham

Bank in the name of Hansen or any other name or thing for the years

2009 and 2010, including when the account was opened;

42.)   The names of all witnesses presented to the Grand Jury in this

investigation;

43.)   All telephone call records from the telephone company from

Attorney Laura Kaplan to Attorney George's office at 617-262-6900

during December 2004;

44.)   Copies of any other surveillance, court-ordered wiretapping and/or

audio and video taping not already provided;

45.)   All witness statements, including but not limited to those of Stephen

David and Susan Jacobson.

The government's June 7, 2011 response to the defendant's letter request did not produce the aforementioned discovery.  Due Process requires the disclosure of the aforementioned evidence, either favorable to the accused or discrediting the prosecution's case.  Kyles vs. Whitley, supra.  See also Giglio vs. United States, 405 U.S. 150 (1972); Brady vs. Maryland, 373 U.S. 83 (1963); United States vs. Agurs, 427 U.S. 97 (1976).  This requirement encompasses information bearing on the credibility of witnesses as well as matters more directly material to guilt or innocence.  Kyles vs. Whitley, supra at 503, 515.  The prosecutor has an affirmative duty to disclose exculpatory evidence, including statements of a witness.  Kyles vs. Whitley, supra.  Exculpatory evidence known to those on the prosecutor's team is likewise discoverable.  Id.  See also, Guidance for Prosecutors Regarding Criminal Discovery, Memorandum for Department Prosecutors, January 4, 2010 ("Members of the prosecution team include federal, state and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant.").

/s/Kevin J. Reddington, Esq.

**CERTIFICATE OF SERVICE**

I, Kevin J. Reddington, Esq., Attorney for the Defendant, Robert George, hereby certify that the following documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 30, 2011.

Motion to Compel Production of Exculpatory Evidence

/s/Kevin J. Reddington, Esq.