UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
         v.                     )    CRIMINAL NO. 11-10201-NMG
                                )
ROBERT A. GEORGE                )


        GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
            COMPEL PRODUCTION OF EXCULPATORY EVIDENCE

    The United States of America, by and through its attorneys, Carmen M. Ortiz, United States Attorney, and Assistant U.S. Attorneys Laura J. Kaplan and James D. Herbert, submit this response in opposition to defendant's motion to compel, filed on June 22, 2011, on the grounds that (1) many of the items requested do not exist or have been previously been produced; and (2) the motion is over broad and contains sweeping requests for information which go far beyond the requirements of the Local Rules of this Court and case law governing pretrial discovery.

    The defendant's requests include information already produced and covered by automatic discovery under Local Rule 116.1.  Therefore, the motions violate Local Rule 116.3(D), which provides, in part, as follows:

         A defendant participating in automatic discovery
         must not request information expressly required
         to be produced under L.R. 116.1.

The extent of permissible pretrial discovery is, of course, controlled and limited by Fed.R.Crim.P. 16, the Local Rules of this Court and Brady v. Maryland, 373 U.S. 83 (1963) and its

progeny.  A prosecutor is not required to make files available to a defendant for an open-ended "fishing expedition" for possible Brady material.  United States v. Andrus, 775 F.2d 825, 842-43 (7th Cir. 1985); United States v. Davis, 752 F.2d 963, 976 (5th Cir. 1985).  Moreover, Brady does not require the government to disclose evidence available to the defense from other sources, evidence the defendant already possesses, or evidence the prosecutor does not possess.  United States v. Hicks, 848 F.2d 1, 3-4 (1988); United States v. Ramirez, 810 F.2d 1338, 1343 (5th Cir.), *cert. denied*, 484 U.S. 844 (1987); United v. Mabry, 808 F.2d 671, 686-87 (10th Cir.), *cert. denied*, 484 U.S. 874 (1987).

By his motion, the defendant seeks disclosure of exculpatory evidence, early discovery and production of materials relating to impeachment evidence, Jencks materials, Fed. R. Evid. 404(b), information relating to electronic surveillance, and discovery of the grand jury minutes.  Despite the fact that disclosure (and timing of same) of these materials is governed by the Local Rules of this Court, the defendant does not provide any compelling, case-specific reasons why the presumptive deadlines for disclosure under the Local Rules should be abandoned particularly when the parties in this matter are participating in automatic discovery.  The Local Rules provide an orderly framework and timing for discovery of the information requested in the defendant's motion and, as explained in more detail below, there

is no reason why the Court should abandon their application in this case.

**A.    Automatic Discovery by the Government**

On May 5, 2011 (and in supplemental letters on June 7, 2011, June 8, 2011, and June 22, 2011), the government provided the defendant with the automatic discovery required under Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts.  See Copies of "Government's Discovery Letters" attached at Tab 1.  These letters included information required to be produced under Local Rule 116.1(C) (including that information required to be produced under Fed. R. Crim. P. 16 and Local Rule 116.1(B)(1)).  As shown in the government's discovery letters, the government's discovery production was large including, but not limited to, tapes and draft transcripts of consensually recorded conversations.  It also included information regarding exculpatory evidence under Local Rule 116.2(B)(1).  See Tab 1 (May 5, 2011 letter at pp. 4-6).

**B.    Discovery Letter Request by Defendant**

On or about May 25, 2011, the defendant served the government with a six page letter essentially requesting much of the same materials previously provided in automatic discovery and other items the defendant is clearly not entitled to under the Local Rules.  A copy of that letter is attached at Tab 2.  The government promptly responded to this request on June 7, 2011, a

3

copy of which is attached at Tab 1 and provided much of the requested information and refused to provide some of the requested information since it either had previously been provided or is expressly disallowed under the Local Rules.

The only additional materials that have not been provided by the government to date are: (1) statements or grand jury testimony falling within the purview of the Jencks Act[1], and (2) *Brady/Giglio* impeachment material (if any exists) of witnesses whom the government anticipates calling in its case in chief. However, in accordance with Local Rule 116.2(B)(2), the government agrees to disclose these materials (Jencks and Brady/Giglio) not later than twenty-one (21) days before the start of trial.

### C. The Defendant's Discovery Motions

As with defendant's discovery letter, his motion to compel covers several categories of discovery: 1) exculpatory information and early disclosure of impeachment material; 2) early disclosure of the government's intention to introduce Fed. R. Evid. 404(b) evidence at trial; 3) information relating to electronic surveillance; 4) early disclosure of Jencks material and 5) grand jury minutes.  The government will address each request.

---

[1] Although the government has provided all of the statements of one of the cooperating witness'.

1.  <u>Exculpatory Evidence and Early Disclosure of Impeachment Material</u>

As discussed above and in the attachments at Tab 1, the government has made the requisite disclosures about exculpatory evidence in its automatic discovery letter pursuant to Local Rules 116.1(C) and 116.2(B)(1) and will make the requisite disclosures under Local Rule 116.2(B)(2) and Fed. R. Crim. P. 26.2 in the time and manner provided in those rules and Local Rule 117.1(A)(4),(5). The defendant seeks broadly sweeping information as to Brady material (Defendant's ¶'s 10, 11, 23, 24, 35, 36, 41). The government has already stated in its automatic discovery letter that it is not aware of any <u>Brady</u> material and recognizes its continuing obligation to disclose same. This request should be stricken for failing to comply with the Local Rules.

As a threshold matter, the government states that it is well aware of its constitutional and statutory obligations to produce exculpatory material as required by <u>Brady</u> and its progeny. <u>See</u> <u>United States v. Williams</u>, 792 F. Supp. 1120 (S.D. Ind. 1992) (where government acknowledges its continuing obligation to disclose exculpatory information, court need not compel specific exculpatory discovery requests well in advance of trial where defendants have not offered any evidence of non-compliance by the government). It is also aware of its duty to disclose information that "could be used to impeach a key government

witness." United States of America v. Coppa, 267 F.3d 132, 135 (2nd Cir. 2001).  However, "[T]hose portions of defendant's requests which go further than *Brady* need not be disclosed." United States of America v. Coggs, 752 F. Supp. 848, 849 (N.D. Ill. 1990).

Here, defendant's motion to compel is nothing more than a generalized request for purportedly exculpatory and impeachment information, which is in large part unsupported by, and in part, in direct conflict with Fed.R.Crim. P. 16 and the Brady-Agurs doctrine.  See United States v. Agurs, 427 U.S. 97 (1976); Brady v. Maryland, 373 U.S. 83 (1963).  Under the guise of seeking what is constitutionally required, the defendant is attempting to obtain pre-trial discovery of nondiscoverable information.

As noted above, pursuant to Local Rules 116.1 and 116.2, the government has already notified the defendant of all exculpatory material pursuant to Brady v. Maryland and its progeny, to date. To the extent that the defendant seeks information beyond that required by Brady, the government opposes the defendant's motion and individual requests for information.  These efforts by the defendant to rummage through the government's files is contrary to well-established law and should be rejected.

There is a limit to the scope of material to which the defendant is entitled under Brady.  Brady and Agurs, require that the government turn over to a defendant any evidence which would

be exculpatory to the defendant, and evidence which would impeach government witnesses at trial, including promises, rewards or inducements.  In addition, Giglio v. United States, 405 U.S. 150 (1972), requires the government to disclose any immunity agreements entered into with the witnesses called by the government at trial.  It is well established, however, that Giglio materials need not be produced until trial, and, therefore, the government opposes any motion for early disclosure of impeachment material.  United States ex rel. Lucas v. Regan, 503 F.2d 1, 3 n.1 (2nd Cir. 1974), *cert. denied*, 420 U.S. 393 (1975); United States v. Frumento, 405 F. Supp. 23, 32 (E.D. Pa. 1975); United States v. Leta, 60 F.R.D. 127, 131 (M.D. Pa. 1973).

    2.   Disclosure of intention to offer F. R. Evid. 404(b) evidence (Defendant's ¶ 12)

This request is squarely covered by the Local Rules regarding automatic discovery.  Unless a defendant has declined to participate in automatic discovery, the government is required to disclose a general description of any crime, wrong, or act that it proposes to offer under Fed. R. Evid. 404(b) to the defendant twenty-one days before trial and will do so at that time.  Local Rule 117.1(A)(4)(b); see also United States v. Tuesta-Toro, 29 F.3d 771, 775 (1st Cir.1994) (noting that the government's obligation, upon proper request, is to provide the defense with notice of its intent to introduce Rule 404(b) information at a reasonable time before trial).

Notwithstanding the plain language of the provisions of the Local Rule cited above, the defendant requests, without any individual showing as to why it's necessary *in this case*, that the government be required to produce the Rule 404(b) information *now*. The timing requirements of the Local Rules are based on a common sense and practical understanding of how trials and trial preparation proceed. In order to produce the materials requested by the defendant, the government would essentially have to start preparing for trial *now*. It generally takes multiple days of work time (over several weeks because often times the government has to send out letters or subpoenas requesting information) to prepare the 21-day discovery letter that the government sends to defense counsel prior to trial.

It makes no sense for the government to undertake this arduous task at this stage in the case where the trial judge *has not even set a date for trial*.

The defendant has not even attempted, much less shown, that his case merits special treatment under the Local Rules. The defendant has done nothing to show that, from a discovery perspective, his case is anything other than the types of case contemplated by the drafters of the Local Rules. Like the many cases that are presented to this Court each year, this case can be fully and fairly addressed through the framework and orderly timing mechanisms contained in the Local Rules.

   3.   <u>Information Relating to Electronic Surveillance (Defendants ¶7).</u>

   Despite the government's repeated representations that there is no electronic surveillance (Title III) evidence in this case, the defendant continues to demand production of same.  The government has advised the defendant that no electronic surveillance evidence, other than that which has already been provided, exists in this case.  The defendant has been provided with all consensually recorded conversations where he was overheard.  The government cannot provide the defendant with something that simply does not exist.

   4. <u>Early Production of Jencks Material (Defendant's ¶'s 4, 20, 21, 27, 31, 47).</u>

   Defendant's motion regarding early production of <u>Jencks</u> materials should also be stricken or, in the alternative, denied. Under the Jencks Act, statements of government witnesses are not required to be produced *until after they have testified*.  18 U.S.C. § 3500.  Since, the timing of such production is often not workable, the Local Rules contemplate that the timing of such disclosures will be discussed at the initial pretrial conference. <u>See</u> Local Rule 117.1(A)(5).  The defendant's request for the production of <u>Jencks</u> at this stage is simply untenable, particularly where, as here, the defendant gives no justification for why this case requires special treatment.  Having said that,

the Court should be aware that the government has turned over all of the written reports of statements made by cooperating witness Michael Hansen (See Government letters dated June 7, June 8 and June 22, 2011).

    5. <u>Discovery of Grand Jury Minutes (Defendant's ¶'s 40, 44).</u>

Defendant seeks certain information relating to the grand jury proceeding in this case.  This request should be denied.

It is well-settled that an indictment returned by a legally constituted and unbiased grand jury if valid on its face, is enough to call for trial of the charge on the merits.  <u>U.S. v. Maceo</u>, 873 F.2d 1 (1st Cir. 1989), <u>Costello v. United States,</u> 350 U.S. 359, 363 (1956).  A court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is a preliminary phase of the criminal justice process and all constitutional protections will be afforded during the trial.  <u>See United States v. De Rosa</u>, 783 F.2d 1401, 1405 (9th Cir), <u>cert denied</u>, 477 U.S. 908 (1986).  The Court in <u>Maceo</u> recognized, 873 F.2d at 4, that any other rule would force criminal defendants and the court to bear two trials on the charge.

In <u>Maceo</u>, the First Circuit went on to say that under certain circumstances, however, it is appropriate to inquire into the proceeding surrounding a grand jury's decision to indict i.e.

if there has been prosecutorial misconduct that actually biases the grand jury in performing its fact-finding function.

Finally, it is well-settled that it is enough that there is some competent evidence to sustain the charge issued by the grand jury even though other evidence before it is incompetent or irrelevant in an evidentiary sense or even false. <u>Coppedge v. United States</u>, 311 F.2d 128 (D.D.Cir. 1962), <u>cert denied</u>, 373 U.S. 946 (1963). The grand jury in this case heard competent evidence to sustain the charges. This grand jury was legally constituted and unbiased which, on its face, is enough to call for trial of the charges on the merits. For all of the above reasons, the defendant's motion for inspection of the grand jury minutes should be denied.

    6. <u>Other Miscellaneous Requests</u>

The defendant seeks additional information which is well beyond the rules of discovery and his motion for same should be denied.

    A. Defendant's ¶1. The government is not obligated to disclose a list of its trial witnesses or fact witnesses until so ordered by the Court.

    B. Defendant's ¶2. Such items have been disclosed or made available to the defendant.

    C. Defendant's ¶3. No such notes, records or memoranda pertaining to scientific examinations of any physical objects or

items exist.

  D. Defendant's ¶'s 4-5.  All such evidence has been disclosed.

  E. Defendant's ¶'s 8, 13, 19, 26, 35, 36, 39, 41, 42, 43.  This request goes well beyond the rules of discovery and Local Rules for the District Court.  In any event, the government notes that with respect to ¶8, there was no "monitoring" of the consensual recordings.  With respect to ¶13, a copy of the confidential source agreements signed by the cooperating witnesses are being provided under separate cover.

  F. Defendant's ¶9.  All consensual interceptions have been disclosed.  Copies of any reports pertaining to such consensual recordings are not discoverable under the rules of discovery or Local Rules for the District Court.

  G. Defendant's ¶10.  All promises, rewards and inducements have been disclosed as well as any exculpatory evidence pertaining to any witness.  Information as to a witness's medical, psychiatric, drug, alcohol or physical impairment or medical care and treatment is not discoverable under the rules of discovery or Local Rules for the District Court until 21 days prior to trial.

  H. Defendant's ¶11.  Copies of all records of prior convictions has been disclosed.  Probation records and pre-sentence reports, if they exist, are not discoverable under the

rules of discovery or Local Rules for the District Court unless they contain some exculpatory information which the government is not aware of.

    I. Defendant's ¶'s 14, 38 and 46. All such evidence has been disclosed.

    J. Defendant's ¶15. All such evidence will be preserved but is not otherwise discoverable. Notes of statements made by the defendant have been disclosed.

    K. Defendant's ¶'s 16 and 18. All exculpatory information in the government's possession has been disclosed. All Rule 35 material will be disclosed prior to trial.

    L. Defendant's ¶17. The government is not aware of the existence of unredacted or altered videos.

    M. Defendant's ¶22. Any such records in the possession of the government have been disclosed.

    N. Defendant's ¶'s 23 and 24. These files have been reviewed and there is no exculpatory or Rule 3500 information contained therein.

    O. Defendant's ¶'s 28 and 29. Any such documents will be provided to the defendant under separate cover.

    P. Defendant's ¶30. The government is not aware of any such records.

    Q. Defendant's ¶'s 32, 34 and 45. Telephone records obtained during this investigation will be provided under

separate cover.  As previously stated, there are no telephone records for 2004 or call records for the telephone number (617) 748-3124 to the defendant's office during December 2004.

    R.   Defendant's ¶33.  These records will be furnished under separate cover.

    S.   Defendant's ¶37.  This information was previously provided.

    T.   Defendant's ¶48.  The government is not in possession of any such records.

    U.   Defendant's ¶49.  All such records have been provided with the exception of one report which will be disclosed under separate cover.

## **Conclusion**

For the foregoing reasons, the defendant's motion should be stricken or, in the alternative, denied.

                            Respectfully submitted,

                            CARMEN M. ORTIZ
                            United States Attorney

                              /s/ Laura J. Kaplan
                By:  _____
                        LAURA J. KAPLAN
                        Assistant U.S. Attorney

June 27, 2011

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

                                      /s/ Laura J. Kaplan
                                      Laura J. Kaplan
                                      Assistant United States Attorney

Date: June 27, 2011