UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-10201-NMG |
| | ) | |
| ROBERT A. GEORGE | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S AMENDED MOTION TO COMPEL PRODUCTION OF EXCULPATORY EVIDENCE

The United States of America, by and through its attorneys, Carmen M. Ortiz, United States Attorney, and Assistant U.S. Attorneys Laura J. Kaplan and James D. Herbert, submit this response in opposition to defendant's amended motion to compel, filed on July 7, 2011, on the grounds that the motion is over broad and contains sweeping requests for information which go far beyond the requirements of the Local Rules of this Court and case law governing pretrial discovery.

The defendant seeks a motion to compel with respect to the following:

1. Information relating to the cooperating witness including:

> rules, regulations, directives or protocol governing the "handling"of informants; all internal information and handler files pertaining to the cooperating witness while being paid as an informant and/or while providing information to various law enforcement agencies; a list of cases where the cooperating witness was an informant and internal records and files, including grand jury or other testimony pertaining to such; and documents relating to monies paid to the cooperating witness by law enforcement.

2. Early production of 404(b) evidence.

3. Early production of Jencks Act material and rough notes made by law enforcement of interviews with cooperating witnesses.

4. Any and all bank and other records pertinent to the receipt of $20,000 in cash by the defendant on or about September 23, 2010. *The government is not in possession of any such records. The cooperating witness initially wrote a check from his personal account to the defendant in the amount of $20,000. The defendant returned that check to the cooperating witness and the witness subsequently gave $20,000 in cash to the DEA. The cash was serialized and given back to the cooperating witness to give to the defendant. A copy of the serialized cash is being provided to the defendant under separate cover.*

All business and financial records regarding dealings between the cooperating witnesses. *The government is not in possession or aware of the existence of any such records.*

5. An order for the government to instruct agents to reduce interviews to writing. *This request is moot since all interviews have been reduced to writing.*

The extent of permissible pretrial discovery is, of course, controlled and limited by Fed.R.Crim.P. 16, the Local Rules of this Court and Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. A prosecutor is not required to make files available to a defendant for an open-ended "fishing expedition" for possible Brady material. United States v. Andrus, 775 F.2d 825, 842-43 (7th Cir. 1985); United States v. Davis, 752 F.2d 963, 976 (5th Cir. 1985). Moreover, Brady does not require the government to disclose evidence available to the defense from other sources, evidence the defendant already possesses, or evidence the prosecutor does not possess. United States v. Hicks, 848 F.2d 1, 3-4 (1988); United States v. Ramirez, 810 F.2d 1338, 1343 (5th Cir.), *cert. denied*, 484 U.S. 844 (1987); United v. Mabry, 808

F.2d 671, 686-87 (10th Cir.), *cert. denied*, 484 U.S. 874 (1987).

By his motion, the defendant seeks disclosure of exculpatory/impeachment evidence, early discovery and production of materials relating to impeachment evidence, Jencks materials, Fed. R. Evid. 404(b), and discovery of the grand jury minutes. Despite the fact that disclosure (and timing of same) of these materials is governed by the Local Rules of this Court, the defendant does not provide any compelling, case-specific reasons why the presumptive deadlines for disclosure under the Local Rules should be abandoned particularly when the parties in this matter are participating in automatic discovery. The Local Rules provide an orderly framework and timing for discovery of the information requested in the defendant's motion and, as explained in more detail below, there is no reason why the Court should abandon their application in this case.

**A. Automatic Discovery by the Government**

On May 5, 2011 (and in supplemental letters on June 7, 2011, June 8, 2011, and June 22, 2011), the government provided the defendant with the automatic discovery required under Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts. See Copies of "Government's Discovery Letters" attached at Tab 1 to the previous filing by the government entitled Government's Opposition to Defendant's Motion to Compel. These letters included information required to be

produced under Local Rule 116.1(C) (including that information required to be produced under Fed. R. Crim. P. 16 and Local Rule 116.1(B)(1)). As shown in the government's discovery letters, the government's discovery production was large including, but not limited to, tapes and draft transcripts of consensually recorded conversations. It also included information regarding exculpatory evidence under Local Rule 116.2 (B)(1). See Tab 1 (May 5, 2011 letter at pp. 4-6) attached to the previous filing by the government entitled Government's Opposition to Defendant's Motion to Compel.

**B. Discovery Letter Request by Defendant**

On or about May 25, 2011, the defendant served the government with a six page letter essentially requesting much of the same materials previously provided in automatic discovery and other items the defendant is clearly not entitled to under the Local Rules. A copy of that letter is attached at Tab 2. The government promptly responded to this request on June 7, 2011, a copy of which was attached at Tab 1 to the previous filing by the government entitled Government's Opposition to Defendant's Motion to Compel. In this letter, the government provided much of the requested information and refused to provide some of the requested information since it either had previously been provided or is expressly disallowed under the Local Rules.

The only additional materials that have not been provided by

the government to date are: (1) statements or grand jury testimony falling within the purview of the Jencks Act[1], and (2) *Brady/Giglio* impeachment material (if any exists) of witnesses whom the government anticipates calling in its case in chief. However, in accordance with Local Rule 116.2(B)(2), the government agrees to disclose these materials (Jencks and Brady/Giglio) not later than twenty-one (21) days before the start of trial.

**C. The Defendant's Motion to Compel**

As with defendant's discovery letter, his motion to compel covers several categories of discovery: 1) information from law enforcement files relating to the cooperating witness; 2) early disclosure of the government's intention to introduce Fed. R. Evid. 404(b) evidence at trial; 3) early disclosure of Jencks material, including grand jury minutes; and 4) rough notes of witness interviews. The government will address each request.

**1. Information from law enforcement files relating to the cooperating witness including:**

> **rules, regulations, directives or protocol governing the "handling" of informants; all internal information and handler files pertaining to the cooperating witness while being paid as an informant and/or while providing information to various law enforcement agencies; a list of cases where the cooperating witness was an informant and internal records and files, including grand jury or**

[1]The government has, however, provided all of the statements of one cooperating witness.

**other testimony pertaining to such and documents relating to monies paid to the cooperating witness by law enforcement.**

As discussed above and in the attachments at Tab 1, the government has made the requisite disclosures about exculpatory evidence in its automatic discovery letter pursuant to Local Rules 116.1(C) and 116.2(B)(1) and will make the requisite disclosures under Local Rule 116.2(B)(2) and Fed. R. Crim. P. 26.2 in the time and manner provided in those rules and Local Rule 117.1(A)(4),(5). The files of the FBI, DEA, and DOL pertaining to the cooperating witness have been reviewed and the discoverable contents disclosed.[2] The government has already stated in its automatic discovery letter that it is not aware of any Brady material and recognizes its continuing obligation to disclose same. These requests should be stricken for failing to comply with the Local Rules.

As a threshold matter, the government states that it is well

[2]For instance, disclosure was made in the government's May 5, 2011 discovery letter that the cooperating witness had worked for the DEA, FBI, and DOL. The government disclosed information about the amounts paid to the cooperating witness by the DEA, FBI, and DOL during the cooperating witness' lifetime, and the total amount paid in connection with this case. The government disclosed all promises, rewards, and inducements the government made to the cooperating witness. Furthermore, the government reviewed each agency's files and disclosed to the defendant any impeachment and/or exculpatory information regarding the cooperating witness contained therein. In addition, the government has furnished the defendant with a copy of the standard personal services agreement between the cooperating witnesses and the DEA.

aware of its constitutional and statutory obligations to produce exculpatory material as required by Brady and its progeny. See United States v. Williams, 792 F. Supp. 1120 (S.D. Ind. 1992) (where government acknowledges its continuing obligation to disclose exculpatory information, court need not compel specific exculpatory discovery requests well in advance of trial where defendants have not offered any evidence of non-compliance by the government). It is also aware of its duty to disclose information that "could be used to impeach a key government witness." United States of America v. Coppa, 267 F.3d 132, 135 (2nd Cir. 2001). However, "[T]hose portions of defendant's requests which go further than *Brady* need not be disclosed." United States of America v. Coggs, 752 F. Supp. 848, 849 (N.D. Ill. 1990).

Here, defendant's motion to compel is nothing more than a generalized request for purportedly exculpatory and impeachment information, which is in large part unsupported by, and in part, in direct conflict with Fed.R.Crim. P. 16 and the Brady-Agurs doctrine. See United States v. Agurs, 427 U.S. 97 (1976); Brady v. Maryland, 373 U.S. 83 (1963). Under the guise of seeking what is constitutionally required, the defendant is attempting to obtain pre-trial discovery of nondiscoverable information. The defendant has not identified what he hopes to find in the law enforcement files or how it would help his theory of defense or

in his cross-examination of witnesses.

As noted above, pursuant to Local Rules 116.1 and 116.2, the government has already notified the defendant of all exculpatory material pursuant to Brady v. Maryland and its progeny, to date. To the extent that the defendant seeks information beyond that required by Brady, the government opposes the defendant's motion and individual requests for information. These efforts by the defendant to rummage through the government's files is contrary to well-established law and should be rejected.

There is a limit to the scope of material to which the defendant is entitled under Brady. Brady and Agurs, require that the government turn over to a defendant any evidence which would be exculpatory to the defendant, and evidence which would impeach government witnesses at trial, including promises, rewards or inducements. In addition, Giglio v. United States, 405 U.S. 150 (1972), requires the government to disclose any immunity agreements entered into with the witnesses called by the government at trial. It is well established, however, that Giglio materials need not be produced until trial, and, therefore, the government opposes any motion for early disclosure of impeachment material. United States ex rel. Lucas v. Regan, 503 F.2d 1, 3 n.1 (2nd Cir. 1974), *cert. denied*, 420 U.S. 393 (1975); United States v. Frumento, 405 F. Supp. 23, 32 (E.D. Pa. 1975); United States v. Leta, 60 F.R.D. 127, 131 (M.D. Pa. 1973).

In United States v. Prochilo, 629 F.3d 264, (1st Cir. 2011), the defendant sought "all cooperator-related evidence in the government's possession." Id. at 267. The trial court granted the defendant's motion and ordered production of the sought after material, notwithstanding that the government said it had already disclosed material impeachment evidence, and notwithstanding the defendant's failure to (1) identify specific materials he wanted the court to inspect in camera, and (2) show them to be favorable and material.

The First Circuit rejected as insufficient the defendant's speculative claim that the undisclosed material "might reveal that the cooperating witness is 'flawed,'" finding that "speculation is insufficient to permit even an in camera review" where the government maintains that it has turned over all material impeachment evidence. Id. at 269. In this case, the Defendant has not made the necessary showing of materiality and favorability to warrant even an in camera review.

The First Circuit also rejected the defendant's argument that the materials he sought could "help substantiate an entrapment defense." Id. The defendant had yet to assert an entrapment defense and, moreover, the government was already under an obligation to turn over evidence "indicating that the witness had improperly induced [the defendant] or others to commit crimes." In this case, the Defendant has not asserted an

entrapment defense, and the government has been mindful of its Brady obligations throughout its review of relevant documents.

The First Circuit also rejected the defendant's argument that "only his counsel, not the government or the district court, will be able to judge what evidence is both favorable to him and material." Id. The First Circuit pointed out that the Supreme Court rejected this argument in Pennsylvania v. Ritchie, 480 U.S. 39 (1987).

Defendant's request for the grand jury minutes of the cooperating witness in this case should also be denied. It is well-settled that an indictment returned by a legally constituted and unbiased grand jury if valid on its face, is enough to call for trial of the charge on the merits. U.S. v. Maceo, 873 F.2d 1 (1st Cir. 1989), Costello v. United States, 350 U.S. 359, 363 (1956). A court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is a preliminary phase of the criminal justice process and all constitutional protections will be afforded during the trial. See United States v. De Rosa, 783 F.2d 1401, 1405 (9th Cir), cert denied, 477 U.S. 908 (1986). The Court in Maceo recognized, 873 F.2d at 4, that any other rule would force criminal defendants and the court to bear two trials on the charge.

In Maceo, the First Circuit went on to say that under

certain circumstances, however, it is appropriate to inquire into the proceeding surrounding a grand jury's decision to indict i.e. if there has been prosecutorial misconduct that actually biases the grand jury in performing its fact-finding function.

Finally, it is well-settled that it is enough that there is some competent evidence to sustain the charge issued by the grand jury even though other evidence before it is incompetent or irrelevant in an evidentiary sense or even false. Coppedge v. United States, 311 F.2d 128 (D.D.Cir. 1962), cert denied, 373 U.S. 946 (1963). The grand jury in this case heard competent evidence to sustain the charges. This grand jury was legally constituted and unbiased which, on its face, is enough to call for trial of the charges on the merits.

**2. Early Production of 404(b) Evidence.**

This request is squarely covered by the Local Rules regarding automatic discovery. Unless a defendant has declined to participate in automatic discovery, the government is required to disclose a general description of any crime, wrong, or act that it proposes to offer under Fed. R. Evid. 404(b) to the defendant twenty-one days before trial and will do so at that time. Local Rule 117.1(A)(4)(b); see also United States v. Tuesta-Toro, 29 F.3d 771, 775 (1st Cir.1994) (noting that the government's obligation, upon proper request, is to provide the defense with notice of its intent to introduce Rule 404(b)

information at a reasonable time before trial).

Notwithstanding the plain language of the provisions of the Local Rule cited above, the defendant requests, without any individual showing as to why it's necessary *in this case*, that the government be required to produce the Rule 404(b) information *at least ninety days prior to trial*. The timing requirements of the Local Rules are based on a common sense and practical understanding of how trials and trial preparation proceed. In order to produce the materials requested by the defendant, the government would essentially have to start preparing for trial *now*. It generally takes multiple days of work time (over several weeks because often times the government has to send out letters or subpoenas requesting information) to prepare the 21-day discovery letter that the government sends to defense counsel prior to trial.

It makes no sense for the government to undertake this arduous task at this stage in the case where the trial judge *has not even set a date for trial*.

The defendant has not even attempted, much less shown, that his case merits special treatment under the Local Rules. The defendant has done nothing to show that, from a discovery perspective, his case is anything other than the types of case contemplated by the drafters of the Local Rules. Like the many cases that are presented to this Court each year, this case can

be fully and fairly addressed through the framework and orderly timing mechanisms contained in the Local Rules.

**3. Early Production of Jencks Material**

Defendant's motion regarding early production of Jencks materials should also be stricken or, in the alternative, denied. Under the Jencks Act, statements of government witnesses are not required to be produced *until after they have testified*. 18 U.S.C. § 3500. Since the timing of such production is often not workable, the Local Rules contemplate that the timing of such disclosures will be discussed at the initial pretrial conference. See Local Rule 117.1(A)(5). The defendant's request for the production of Jencks at this stage is simply untenable, particularly where, as here, the defendant gives no justification for why this case requires special treatment. Having said that, the Court should be aware that the government has turned over all of the written reports of statements made by cooperating witness Michael Hansen (See Government letters dated June 7, June 8 and June 22, 2011).

**4. Production of Rough Notes Made by Law Enforcement of Interviews with Cooperating Witnesses.**

The government has disclosed rough notes of statements made by the defendant. The government is under no obligation to produce notes of witness interviews but has instructed law enforcement agents to preserve same. Moreover, the defendant is incorrect when he asserts that "there are no notes of interviews

with potential witnesses." Such notes exist and will be turned over prior to trial in compliance with the Jencks Act.

**Conclusion**

For the foregoing reasons, the defendant's motion should be stricken or, in the alternative, denied.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Laura J. Kaplan*
LAURA J. KAPLAN
Assistant U.S. Attorney

July 12, 2011

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

*/s/ Laura J. Kaplan*
Laura J. Kaplan
Assistant United States Attorney

Date: July 12, 2001