UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA     )
                             )
        v.                   )    Criminal No. 11-10201-NMG
                             )
ROBERT A. GEORGE             )


**OPPOSITION TO DEFENDANT GEORGE'S MOTION TO DISMISS COUNT ONE**

Defendant Robert George ("GEORGE") has moved for an order dismissing Count One alleging the government has improperly charged 18 U.S.C. § 1956(a)(1)(B)(I) and 1957 as objects of the conspiracy. GEORGE's motion should be denied since conspiracies to launder sting money may be charged under Sections 1956(h) and (a)(1) and not just under (a)(3) because a money laundering conspiracy does not require proof that the money intended to be laundered was actually criminal proceeds.

GEORGE has been charged with seven counts. The first count is a money laundering conspiracy charge under § 1956(h) with two objectives: § 1956(a)(1)(B)(i)(concealment) and 1957 (spending statute). The second and third substantive money laundering counts are pursuant to § 1956(a)(3)(B) and based on the two separate $100,000 sting transactions under an aiding and abetting theory. Count Four is a money laundering (sting) count pursuant to § 1956(a)(3)(B) for the $2,500 fee paid to the cooperating witness ("CW"). Counts Five and Six are the final money

laundering (sting) counts under § 1956(a)(3)(C) based on what GEORGE did with the $25,000 cash the undercover provided to GEORGE as a retainer. Count Seven is a structuring charge for the $17,000 GEORGE deposited into his account at two different branches under 31 U.S.C. § 5324(a)(1). All of the charges are premised on the "specified unlawful activity" represented to be narcotics trafficking and wire fraud. Counts Two and Three each include a violation of Title 18, U.S.C. § 2, aiding and abetting.

GEORGE was charged with conspiring to commit a violation of Section 1956(a)(1)(B)(i), even though the money involved in the planned transaction was sting money, not actual criminal proceeds.

Several cases have held that conspiracies to launder sting money may be charged under Sections 1956(h) and (a)(1) and not just under (a)(3), which follows from the fact that a money laundering conspiracy does not require proof that the money intended to be laundered was actually criminal proceeds. See United States v. Adair, 436 F.3d 520, 525-26 (5th Cir. 2006)(a section 1956(h) conspiracy does not require proof of the elements of the substantive offense: therefore, in a sting case, the defendant may be found guilty of conspiring to violate section 1956(a), even though the money to be laundered was not "in fact" specified unlawful activity proceeds). See also, United States v. Green, 599 F.3d 360, 374 (4th Cir. 2010)(proof that defendant

participated in a substantive money laundering transaction is not required to prove his agreement to join a money laundering conspiracy.); United States v. Monea, 376 Fed. Appx. 531,535 (6th Cir. 2010)(charging defendant with § 1956(h) conspiracy to violate § 1956(a)(1)(i), even though the money involved in the planned transaction was sting money, was proper).

To prove a money laundering conspiracy under 18 U.S.C. § 1956(h), the government must prove essentially the same elements necessary to establish a conspiracy in violation of Title 21, United States Code, Section 846:

(1)  a conspiracy existed;
(2)  the defendant knew of the conspiracy; and
(3)  the defendant voluntarily participated in the conspiracy, with the intent that it succeed.

See Whitfield, 543 U.S. at 205, 213 (2005) (explaining that section 1956(h) is "nearly identical" to section 846).

Several circuits have stated that the elements of a money laundering conspiracy are: (1) that there was an agreement between two or more persons to commit money laundering; and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose. United States v. Garcia Abrego, 141 F.3d 142, 163-64 (5th Cir., cert. denied, 525 U.S. 878 (1998). The Court in Garcia Abrego noted that since it is settled law that conspiring to commit a crime is an offense wholly separate from the crime which is the object of the conspiracy, a conspiracy charge need not include the elements of

the substantive offense (<u>i.e</u>., that the funds were, in fact, proceeds of specified unlawful activity) the defendant may have conspired to commit.  <u>See</u> <u>also</u>, <u>United States v. Sarro</u>, 742 F.2d 1286 (11th Cir 1984)(ITSP requires proof of value of $5,000 or more and transportation in interstate commerce, conspiracy to violate ITSP does not.); <u>United States v. Threadgill</u>, 172 F.3d 357 (5th Cir. 1999)(conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit.).

As the First Circuit explained in <u>United States v. Martinez-Medina</u>, 279 F.3d 105, 113-14 (1st Cir. 2002), the touchstone of conspiracy is an agreement to do an unlawful act, ... but each coconspirator need not know of or have contact with all other members, nor must they know all of the details of the conspiracy or participate in every act in furtherance of it.  The jury may infer an agreement circumstantially by evidence of, <u>inter alia</u>, a common purpose (such as a purpose to sell illicit drugs), overlap of participants, and interdependence of various elements in the overall plan." 279 F.3d at 113-14 (internal citations and footnotes omitted).

The laundering conspiracy in the instant indictment charges multiple objects, proof of any one of which is sufficient for conviction.  <u>United States v. Garcia-Torres</u>, 341 f.3d 61, 66 (1st Cir. 2003)("where an indictment charges in the conjunctive

several means of violating a statute, a conviction may be obtained on proof of only one of the means"). The following laundering objects are charged:

- to conceal the nature, source, etc. of proceeds, in violation of § 1956(a)(1)(B)(i); and

- spending statute in violation of § 1957.

It does not make sense that the government would have to prove, under a money laundering conspiracy, that the funds were actually from specified unlawful activity. The gist of the crime is the agreement much like a 21 U.S.C. § 846 case. Two or more defendants are not agreeing to launder funds which are *represented* to be the proceeds of specified unlawful activity. The conspirators, when they form the agreement, believe that they are going to launder actual specified unlawful activity proceeds.

Outside of the sting cases, we might charge two people with conspiring to launder the proceeds of an offense, such as a bank robbery, that might or might not ever occur. In fact, there can be a conspiracy even if the defendants' belief that the money to be laundered was specified unlawful activity proceeds was mistaken. See, United States v. Wittig, 568 F.Supp. 2d 1284 (D.Kan.2008)(acquittal on the specified unlawful activity does not mean defendant cannot be guilty of a section 1956(h) conspiracy; that there was no specified unlawful activity does not mean defendants could not have agreed to launder proceeds of specified unlawful activity; factual impossibility is not a

defense).

Finally, as the court held in <u>Adair</u>, a conspiracy charge never requires proof that the money is in fact proceeds of specified unlawful activity; it is only necessary to prove that the defendants intended to launder such proceeds.  In other words, criminals conspire in their minds to violate what they believe is real money laundering, not the sting provision of the money laundering statute.  Therefore, charging the conspiracy offense to violate § 1956(a)(1) in an undercover operation is proper.

## **CONCLUSION**

For the foregoing reasons, the Court should deny GEORGE's motion to dismiss the indictment.

                        Respectfully submitted,

                        CARMEN M. ORTIZ
                        UNITED STATES ATTORNEY

By:
                        <u>/s/ Laura J. Kaplan</u>
                        LAURA J. KAPLAN
                        JAMES D. HERBERT
                        Assistant U.S. Attorneys

Date:  October 18, 2011

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants

as identified on the Notice of Electronic Filing (NEF).

>*/s/ Laura J. Kaplan*
>LAURA J. KAPLAN
>Assistant U.S. Attorney

Date:  October 18, 2011