UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
              v.                  )      CRIMINAL NO. 11-10201-NMG
                                  )
ROBERT A. GEORGE                  )

**OPPOSITION TO DEFENDANT GEORGE'S MOTION FOR LEGAL
INSTRUCTIONS PROVIDED TO GRAND JURY AND TO DISMISS INDICTMENT**

Defendant Robert George ("GEORGE") has moved for an order requiring the government to produce any legal instructions given to the grand jury and an order dismissing the indictment if any such instructions were improper or not given at all.  In support of this extraordinary request, GEORGE offers the Court not even an allegation, much less a shred of evidence, that any irregularity occurred before the grand jury which returned the indictment in this case.  Rather, he asks the Court for the opportunity to search for some deficiency in any legal instructions so given or for the absence of any instructions, in hopes of supporting a motion to dismiss the indictment on that ground.  Because GEORGE has utterly failed to meet the required showing of a "particularized need" for grand jury information and because the remedy he seeks is not cognizable under established law, his request should be denied.

Defense demands for review of grand jury instructions have become increasingly popular, especially since a well-publicized decision in <u>United States v. Lauren Stevens</u>, 771 F.Supp.2d 556,564 (D.Md., March 23, 2011)(allowing review of grand jury instructions pertaining to charges against in-house counsel at drug company).

But such review - by the court or the defense - is consistently denied if the indictment is facially valid.  See, e.g., United States v. DiMasi, ___ F. Supp.2d ___, 2011 WL 468213, *3 (D. Mass. Feb. 4, 2011) (Wolf, J.) (denying motion for inspection of grand jury instructions because indictment valid on its face, and so any missing or mistaken instructions insufficiently prejudicial to warrant relief).

"It is well settled that '[a]n indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for trial of the charge on its merits." United States v. Maceo, 873 F.2d 1, 2-3 (1st Cir. 1989) quoting Costello v. United States, 350 U.S. 359, 363 (1956).  The law is clear that grand jury proceedings have a presumption of regularity, United States v. R. Enterprises, 498 U.S. 292, 301 (1991), and a defendant must show that any alleged irregularity substantially influenced the decision to indict or cast grave doubt over whether the decision to indict was free from substantial and improper influence.  In re United States, 441 F.3d 44, 59 (1st Cir. 2006).[1] A great deal more than mere speculation that a grand jury has been improperly instructed is required to satisfy this standard.  United States v. Buchanan, 787 F. 2d 477, 487 (10th Cir. 1986)("Challenges

---

[1]Interestingly, defendant readily acknowledges that First Circuit law makes clear that grand jury proceedings have a presumption of regularity but argues that the First Circuit law on this issue is not controlling, and asks the Court to ignore its precedential value and adopt the law of the Second Circuit.

going only to the instructions given to the grand jury as to the elements of the offense are not grounds for dismissal of an indictment valid on its face.").

Given this rigorous standard a defendant must meet, it is also well established that the burden of establishing a particularized need for grand jury materials is heavy and rests entirely on the defendant. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). A court called upon to rule on disclosure of grand jury material must examine "the extent to which the request was limited to that material directly pertinent to the need for disclosure." Douglas Oil Company v. Petrol Stops Northwest, 441 U.S. 211, 223-224 (1979).

As the First Circuit has held, "[t]he prosecutor is under no obligation to give the grand jury legal instructions." United States v. Lopez-Lopez, 282 F.3d 1,9 (1st Cir. 2002). A number of other courts have rejected challenges to indictments or requests for judicial scrutiny of instructions given to a grand jury for the same reason. See e.g., United States v. Kenny, 645 F.1323, 1347 (9th Cir. 1981)(observing that indictments are "normally prepared by the prosecutor, who is presumably acquainted with the applicable law" and finding that nothing in the Constitution "imposes the additional requirement that grand jurors receive legal instructions"); United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988); United States v. Mariani, 7 F.Supp. 2d 556, 568 (M.D.

Pa. 1998)(collecting cases rejecting requests for disclosure of legal instructions given to grand jury).

For example, in <u>United States v. Trie</u>, 23 F. Supp. 2d 55 (D.D.C. 1998), a campaign finance case, the defendant claimed that because the indictment did not specifically allege "hard money" contributions, the grand jury may not have been properly instructed on the distinction between "hard" and "soft" contributions, and he sought dismissal or access to the legal instructions given the grand jury. The court rejected both requests. <u>Id</u>. at 61. Since it found the indictment facially valid, the court held that the defendant had not shown any particularized need for the grand jury instructions. <u>Id</u>. at 62. "[M]ere suspicion that the grand jury may not have been properly instructed with respect to the legal definition of a contribution is insufficient to establish that Mr. Trie is entitled neither to dismissal of the indictment or to disclosure of grand jury materials." <u>Id</u>. Here, too, where GEORGE cannot show that the indictment is invalid on its face, he fails to provide particularized need for the instructions.

GEORGE's request for disclosure of the legal instructions is really another way for him to argue that there is insufficient evidence to support the allegations that he was involved in a conspiracy to launder money and had engaged in structuring.[2] But

_____

[2]Indeed, GEORGE's pronouncement that the grand jury needed to be specifically instructed as to the legal elements of a conspiracy is simply wrong. "Courts . . . generally have found

GEORGE's motion to dismiss the indictment is the wrong vehicle to challenge these allegations, and ignoring the plain language of the indictment does not make it any more appropriate.  It is axiomatic that in reviewing a motion to dismiss the indictment the court must assume that all the allegations contained in the indictment are true.  <u>Boyce Motor Lines, Inc. v. United States</u>, 342 U.S. 337, 343, n.16 (1952).  Moreover, as the Supreme Court has stated:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.  The result of such a rule would be that before the trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.  This is not required by the Fifth Amendment.  An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charges on the merits.  The Fifth Amendment requires no more.

<u>Costello</u>, 350 U.S. at 362-363.

### CONCLUSION

For the foregoing reasons, the Court should deny GEORGE's request to produce any legal instructions given to the grand jury

---

that the prosecutor satisfactorily explains the offense to be charged by simply reading the statute to the grand jury." <u>Lopez-Lopez</u>, 282 F.3d at 9, quoting *Criminal Procedure* §15.7(g), at 450 (LaFave et. al. eds., 2d ed. 1999).  <u>See</u> <u>also</u> <u>United States v. Linetsky</u>, 533 F. 2d 192, 200-01 (5th Cir. 1976)(since indictment traced words of pertinent statute it would not be invalidated on the ground that the prosecutor gave allegedly improper instructions).

and his motion to dismiss the indictment.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By:  /s/Laura J. Kaplan
Laura J. Kaplan
James D. Herbert
Assistant U.S. Attorneys

October    , 2011

## CERTIFICATE OF SERVICE

I, Laura J. Kaplan, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ Laura J. Kaplan
Laura J. Kaplan