UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                                              ) | Criminal No: 11-CR-10201-NMG |
| ) | |
| ) | |
| ROBERT A. GEORGE                ) | |

**Defendant's Reply to Government Opposition to Motion For Production of Legal Instructions To Grand Jury**
**(Leave to File Granted by Order Dated October 20, 2011)**

For the following reasons, the defendant submits the government's opposition is without merit.

First, the government propounds an erroneous analytical framework, arguing "that 'an indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on its merits.'" Government Opposition at 2, *quoting Costello v. United States*, 350 U.S. 359, 363 (1956)). This *Costello* language is outdated, and usurped by the trilogy of cases discussed at length in the defendant's original memorandum. *See* Defendant's Motion, Dkt. Entry 28, at 10-13 (discussing *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988), *United States v. Williams*, 504 U.S. 36 (1992), and *United States v. Mechanik*, 475 U.S. 66 (1986)). In *Bank of Nova Scotia*, the Court held that dismissal of an indictment, for a non-constitutional error, is appropriate if a defendant establishes "that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at 256. If a defendant establishes a

"fundamental" error—*i.e.*, cases "in which the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair"—there should be "the presumption of prejudice." *Bank of Nova Scotia*, 487 U.S. at 256-57. Nothing is more "irregular" than a grand jury indicting based upon an improper understanding of the legal elements of the charged offense, and nothing casts graver doubt over whether the decision to indict was free from substantial and improper influence than if the government improperly instructed the grand jury as to the elements of the offense.

The government is simply wrong in arguing that "a great deal more than mere speculation that a grand jury has been improperly instructed is required to satisfy this standard." Government Opposition at 2. By the government's measure, it could *intentionally* secure indictments by wholly misstating the law to the grand jury, and thereby indict a citizen who has committed no criminal offense, provided it is able to "hide" the misconduct, thus forcing a defendant to "speculate" that the grand jury was improperly instructed. Taking the government's argument to its extreme, the government could obtain an indictment by threatening the grand jurors with a weapon. In each case, the indictment would be "valid on its face," the grand jury would be "legally constituted and unbiased," but the prosecution would be irrefutably improper and illegal. Ensuring that the grand jury was properly instructed would not become an undue burden upon the Courts, as the government argued during the recent status conference, but instead would be easily accomplished by reviewing the grand jury instructions for legal sufficiency.

Second, in *DiMasi*, cited by the government, *see* Government Opposition at 2, the Court relied upon the level of detail contained in the indictment in denying the

defendant's motion, and also warned the government that it was running a grave risk if it was not adequately instructing the grand jury regarding the proper legal elements. Here, the indictment is skeletal and devoid of the level of detail contained in the DiMasi indictment, which was approximately 37 pages in length and totaled approximately 119 paragraphs. Moreover, the defendant's argument has not been molded in response to the decision in *United States v. Stevens*, 771 F.Supp.2d 556, 564 (D.Md., March 23, 2011), *see* Government Opposition at 1-2; undersigned counsel brought the same motion in the *DiMasi* case well before the *Stevens* decision was issued. Nonetheless, the *Stevens* decision does illustrate that the sagacity of judicial review of grand jury instructions—there, the court found an error in the legal instructions to the grand jury sufficiently prejudicial to warrant dismissal of the indictment.

Third, as noted in detail in his original motion, the defendant does not challenge or contest "the kind of evidence" or sufficiency of evidence received by the grand jury, *see* Government Opposition at 4. The government's attempt to obfuscate the issue raised by Mr. George's motion and/or recast his argument to grounds already settled by the Supreme Court should be rejected. *See* Government Opposition at 4.[1]

Fourth, in *Lopez-Lopez*, 282 F.3d 1 (1st Cir.2002), the First Circuit did not foreclose or decide the issue raised herein. As noted in his original motion, in *Lopez-Lopez*, the defendant did not assert a Grand Jury Clause challenge in his case, but instead argued that the grand jury was improperly instructed in violation of Rule 6 and the Due

---

[1] For these reasons, the government's reliance upon *United States v. Maceo*, 873 F.2d 1, 2-3 (1st Cir.1989), *Boyce Motor Lines, Inc., v. United States*, 342 U.S. 337, 343, n.16 (1952), and *Costello*, 350 U.S. at 362-63, *see* Government Opposition at 2, 4-5, and its invocation of the "presumption of regularity," *see* Government Opposition at 2, n.2, are simply off the mark. That the First Circuit or other courts have said—in different contexts and in response to different arguments—that an indictment returned by a legally constituted and unbiased grand jury valid on its face is enough to call for a trial on the merits, does not begin to address whether the Fifth Amendment demands that a grand jury receive adequate legal instructions.

Process clause.  The government simply ignores this important distinction in its reliance on *Lopez-Lopez*.

Fifth, and finally, the government overstates the defendant's burden to compel production of the grand jury instructions, *see* Government Opposition at 1, 3 ("rigorous standard," "heavy" burden, and "particularized need"), where, as here, the concerns that traditionally underlie grand jury secrecy are absent or significantly diminished.  In *United States v. Abounnajah*, 1991 WL 42895, *1-2 (E.D.N.Y. 1991), wherein the court granted the defense request for production of legal instructions provided to grand jury, the court found that the government utterly failed to establish what secrecy concerns remained to exist in that case, where the indictment was already returned and the government had already disclosed matters occurring before the grand jury, and concluded that "[e]ven if the government were able to articulate some possible detrimental effect of this disclosure on the functioning of future grand juries, it cannot be disputed that the concerns for secrecy are largely diminished in this case and accordingly the showing of particularized need required of the defendant need not be 'compelling.'"  At least one other court has ruled that the compelling necessity or particularized need standards "are not [the] proper standards to apply when the defendant only requests the instructions given to the grand jury," as contrasted with requests for witness testimony, which involve different issues of secrecy.  *See United States v. Keller,* 1990 WL 6642, *3-5 (N.D. Ill.1990) (unpublished decision).  Here, whatever standard the Court adopts, the defendant respectfully submits he has satisfied his burden for the disclosure of the legal instructions provided to the grand jury, either to the defendant or to the Court *in camera.  See Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979); *United States v. Diaz*, 236 F.R.D. 470, 477-

4

78 (N.D.Cal.2006); *United States v. Kern*, 2007 WL 4377839 (S.D.Tex.2007) (unpublished opinion); *United States v. Warren*, 16 F.3d 247, 252-53 (8th Cir.1994); *United States v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir.1989).

The defendant's request—that the Court compel the government to produce transcripts of legal instructions to the grand jury to either the defense or the Court for *in camera* review—is not "extraordinary," Government Opposition at 1, but instead elemental and principled. If anything is extraordinary, it is the government's attempt to shield the legal instructions it provided to the grand jury from independent scrutiny.

Wherefore, for all of the foregoing reasons, as well as those articulated in his original pleading, the defendant submits his motion should be allowed.

| | |
|---|---|
| Respectfully Submitted,<br>**ROBERT A. GEORGE**,<br>By His Attorney, | Respectfully Submitted,<br>**ROBERT A. GEORGE**,<br>By His Attorney, |
| **/s/ Kevin J. Reddington**<br>Law Offices of Kevin J. Reddington<br>Mass. Bar. No. 414160<br>1342 Belmont Street<br>Suite 203<br>Brockton, MA 02301<br>(508) 583-4280<br>kevinreddington@msn.com | **/s/ Robert M. Goldstein**<br>Robert M. Goldstein, Esq.<br>Mass. Bar No. 630584<br>20 Park Plaza, Suite 1000<br>Boston, MA 02116<br>(617) 742-9015<br>rmg@goldstein-lawfirm.com |

Dated: November 4, 2011

### Certificate of Service

I, Robert M. Goldstein, hereby certify that on this date, November 4, 2011, a copy of the foregoing document has been served via electronic filing upon Assistant U.S. Attorneys Laura Kaplan and James Herbert.

**/s/ Robert M. Goldstein**
Robert M. Goldstein