UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>ROBERT A. GEORGE,<br><br>    Defendant | )<br>)<br>)<br>) Criminal No. 11-10201-NMG<br>)<br>)<br>)<br>)<br>) |

### MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM ELICITING PRIVILEGED CLIENT CONFIDENCES FROM THE COOPERATING WITNESS

Now comes the United States, through undersigned counsel, and respectfully requests that this Court preclude the defendant from attempting to elicit at trial information from the cooperating witness ("CW") that is otherwise protected by the attorney-client privilege.

The government believes that, either on cross-examination of the CW or if the defendant testifies, the defendant will attempt to elicit information that he has obtained by virtue of his previous representation of the CW. The defendant has not represented the CW in more than ten years and certainly did not represent him during the conspiracy at issue in the Indictment. The government expects that the defendant will attempt to elicit privileged information in an attempt to impeach and discredit the CW.

First, it is well settled that the attorney-client privilege belongs to the client, not the attorney, and as such can only be

1

waived by the client. Here, the CW is the former client of the defendant and the privilege is his to waive or not.[1] There obviously are some limited exceptions, but they are narrowly construed in Massachusetts in an effort to guard client confidences. *Siedle v. Putnam Investments*, 147 F.3d 7, 11 (1st Cir. 1998).

In *Siedle,* for instance, the First Circuit held that the attorney-client privilege could be breached when attorneys find themselves defending against charges of ineffective assistance of counsel or professional malpractice by their clients. *Id.* Some cases have even held that attorneys can breach attorney-client privilege when defending themselves against civil or criminal suits brought by third parties or the government in the context of their representation. *See, e.g.*, *Meyerhofer v. Empire Fire & Marine Ins. Co.*, 497 F.2d 1190, 1190 (2nd Cir. 1974); *United States v. Amrep Corp.*, 418 F. Supp. 473, 474 (S.D.N.Y. 1976); *SEC v. Forma*, 117 F.R.D. 516, 524 (S.D.N.Y. 1987). However, there do not appear to be any cases that suggest that an attorney can breach an attorney-client privilege when charged with conduct completely outside of the scope of representation of their clients. Consequently, it is not likely that the self-defense exception applies to attorneys criminally charged in those circumstances. That is indeed the

---

[1] The government does not expect the CW to waive the attorney-client privilege with respect to defendant's former representation of him.

situation we have here.

ABA Model Rules of Professional Conduct Rule 1.6(b)(5) provides as follows:

> That a lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

It is well-established that the attorney-client privilege is not absolute, especially in regards to the right of an attorney to assert the self-defense exception when a dispute arises between an attorney and a client implicating communications allegedly protected by the attorney-client privilege. *Siedle*, 147 F.3d at 11; *see also Willy v. Admin. Rev. Bd.*, 423 F.3d 483, 498 (5th Cir. 2005). In *Siedle*, for example, the First Circuit affirmed that attorneys have the power to reveal information that "ordinarily would be sacrosanct in order to defend himself against charges of ineffective assistance or professional malpractice." 147 F.3d at 11.

The ABA Model Rules of Professional Conduct specifically note that the self-defense exception is available "where a legal claim or disciplinary charge alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer *involving representation of the client*." ABA Model Rules of Professional

3

Conduct 1.6, Comment 10. The rule suggests that the self-defense exception was designed to protect lawyers from allegations that they either: (1) committed misconduct in their representation of their client; or (2) were complicit in the criminality of their clients, not in completely separate proceedings where the breach of the attorney-client privilege would be helpful or useful to the attorney. *See* Kenneth S. Broun, McKormick on Evidence § 91.1. ("Perhaps the whole doctrine, that in controversies between attorney and client the privilege is relaxed, may best be based upon the ground of practical necessity that if effective legal service is to be encouraged the privilege must not stand in the way of the lawyer's just enforcement of his rights to be paid a fee and to protect his reputation.") In a situation where a lawyer is not embroiled in a dispute concerning either his reputation as an attorney or his right to a fee, it seems that the self-defense exception is inapposite.

For all of the above reasons, the government respectfully requests that the Court preclude the defendant from attempting to elicit privileged information obtained from the CW during the course of the defendant's prior representation of the CW. Moreover, to the extent defendant attempts to elicit evidence that the government believes may have come to him as a result of his prior representation of the CW, the government respectfully requests that the Court conduct a proffer with defendant's counsel at sidebar to ensure that the evidence defendant is attempting to elicit is not protected by attorney-client privilege.

                                                    Respectfully submitted,

                                                    CARMEN M. ORTIZ
                                                    United States Attorney

                  By:         */s/ Laura J. Kaplan*
                                 LAURA J. KAPLAN
                                 ZACHARY R. HAFER
                                 Assistant U.S. Attorneys

Dated: May 7, 2012

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participates as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the above date.

                                                */s/ Laura J. Kaplan*
                                                Laura J. Kaplan
                                                Assistant U.S. Attorney

Date: May 7, 2012