UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA   )
  )
  )
v.   )     Criminal No: 11-CR-10201-NMG
  )
  )
ROBERT A. GEORGE   )
_____)

## **Motion In Limine to Exclude Video Recording of Meetings**

Now comes the Defendant, Robert A. George, by and through counsel, pursuant to Fed.R.Evid. 403, and hereby moves the Court, *in limine*, for an order prohibiting the government from introducing the video portion of an audio/video recording made by government agents on August 17, 2010, as part of their two-year undercover investigation in this matter. As discussed more fully below, the video recording depicts only Mr. George and excludes the other party to the conversation (a cooperating witness), and therefore produces a one-sided video that prevents the jury from ascertaining a complete and whole perception of the conversation. As such, because the one-sided video creates an unfair risk that the jury will not ascertain a true, complete and accurate sense of the conversation, it should be excluded pursuant to Rule 403, particularly given that the government can play the complete audio recording for the jury, which would retain the government's intended probative use of the recordings while omitting depictions of the defendant's physical demeanor, which are rendered misleading by the visual absence of his counterpart's physical conduct.[1]

---

[1] At the Court's request, the defendant will provide the Court with a copy of the relevant recording.

## REQUEST FOR ORAL ARGUMENT

The defendant respectfully requests oral argument on the within motion.

## LOCAL RULE 7.1 CERTIFICATION

The defendant conferred with the United States in an unsuccessful attempt to narrow or resolve these issues.

### **Memorandum of Law**

I.   **Relevant Background.**

From March 2009 to March 2011, the government repeatedly interacted with Mr. George through the use of various cooperating persons and an undercover police officer, though recorded only a few of those meetings, and videotaped even fewer of the interactions.  At issue here is a videotaped meeting between Mr. George and one of the government's cooperating witnesses on August 17, 2010, at the cooperating witness' office, which the government has noticed as a potential exhibit in this matter.[2]  While for much of the meeting the camera is not aimed at Mr. George's face, at a certain point the cooperating witness manipulates the camera so that Mr. George's face is captured for a significant part of the conversation. It is that portion of the conversation that the government potentially seeks to admit as evidence during trial in this matter.[3]

---

[2] There are two additional video recordings of Mr. George that the government has noticed as potential exhibits in this matter, each of which depicts Mr. George from approximately the stomach down.  Because these recordings do not depict Mr. George's face, the defendant does not at this time move to exclude those video recordings as evidence.

[3] On May 3, 2012, the defendant received a package dated May 1, 2012, from the government, which contained proposed final transcripts and computer discs containing the audio and/or video that it will potentially seek to admit during trial.  The video at issue here is contained on the discs provided by the government.

**II.   The Court should preclude the visual portions of the recordings because they are misleading, of little to no probative value, unduly prejudicial and the government will retain the benefit of the audio portions of the recordings if the video is redacted.**

While the court obviously possesses "wide latitude in determining the admissibility of tape recorded evidence," the First Circuit has delineated some boundaries to admissibility in cases where missing portions of recordings render the recordings "more misleading than helpful." *United States v. DiSanto*, 86 F.3d 1238, 1253 (1st Cir.1996); *United States. v. Carbone*, 798 F.2d 21, 24 (1st Cir.1986); *see also* Fed.R.Evid. 403 (evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence).  The defendant respectfully submits that the legal principles applied to circumstances involving incomplete or partially inaudible audio recordings apply equally well to the issue presented here—*i.e.*, a one-sided video recording that renders the conversation "incomplete" or "partial" from a visual perspective.

For example, in *United States v. Aisenberg*, 120 F.Supp.2d 1345, 1349 (M.D. Fla. (2000), the court made the following observation:

> In other words, the word "audibility" permits two somewhat different and confusing definitions. "Audible" can mean simply that some sound or any part of some sound actually can be heard. On the other hand, "audible" can mean that some sound or part of some sound can be heard sufficiently to permit the listener to ascertain with reasonable reliability the sense in which the speaker used any word or words that can be heard. The former is the ordinary meaning of "audible." The latter is the meaning of "audible" in the legal sense.

*See also United States v. Gil-Gamallo,* 2001 U.S. Dist. LEXIS 4783 at *4-5 (2001) (magistrate recommending that tape-recording be excluded where it became inaudible 22 minutes into a 47 minute conversation, noting that a finding of audibility, sufficient to

create a reliable recording, required, in addition to authenticity and a proper foundation, "enough of the recording… to permit the listener to reasonably determine *the sense in which the words were used*").

The defendant respectfully submits that admission of a one-sided video recording creates the precise infirmity engendered by incomplete audio recordings. Just as omitted audio may deprive the listener of the full context of the recorded event, the inability in this case to view the cooperating witness during the pertinent meeting prevents the jury from ascertaining a complete and whole perception of the conversation. For example, the jury cannot determine whether the cooperating witness made a gesture or nuance during the conversation that provoked the defendant's physical reactions or gestures during the pertinent meeting. This risk is heightened when one considers that the cooperating witness knew he was recording the event and was likely trying to produce incriminating conduct. In any event, it seems clear that the jury is deprived of "the sense in which" gestures were made, what prompted certain gestures and facial expressions, and, in the end, is deprived a complete and accurate context in which to judge the defendant's gestures and facial expressions.

The defendant recognizes that some courts have held that a generally audible tape should be admitted, leaving its evidentiary weight to the jury. *See, e.g., United States v. Howard*, 80 F.3d 1194, 1198-99 (7th Cir.1996) ("But "[t]he inaudibility of a portion of a tape, which is generally audible, is relevant only to its weight, a jury question, not its admissibility"). Here, the defendant respectfully submits that the entirety of the video is "inaudible" from a visual perspective, given that the cooperating witness' face is never displayed. Hence, it is not as if the jury can view some of the cooperating witness'

demeanor and/or physical gestures—he simply does not appear on the video.

Moreover, the government will still be permitted to admit the full audio portion of the recording, and thus will not be deprived the relevant evidence—*i.e.*, the words used by the parties during the pertinent conversations.  Hence, the government will suffer little to no prejudice by exclusion of the video portion of the recording because the relevant portions—*i.e.*, the statements of the parties to the conversation—will remain fully intact and available to the government.

Wherefore, for all of the foregoing reasons, the defendant respectfully moves that the Court exclude from admission into evidence the video recording of August 17, 2010. To the extent the video recording possesses any probative value to the government's case, and the defendant respectfully submits it possesses little to no probative value, it is substantially outweighed by the unfair prejudice created by the one-sided video presentation, as well as the real risk that the one-sided video recording will confuse and/or mislead the jury regarding the actual context of the conversation.


Respectfully Submitted,                              Respectfully Submitted,
**ROBERT A. GEORGE**,                          **ROBERT A. GEORGE**,
By His Attorney,                                        By His Attorney,

**/s/ Kevin J. Reddington**                        **/s/ Robert M. Goldstein**
Law Offices of Kevin J. Reddington          Robert M. Goldstein, Esq.
Mass. Bar. No. 414160                             Mass. Bar No. 630584
1342 Belmont Street                                  20 Park Plaza, Suite 1000
Suite 203                                                  Boston, MA 02116
Brockton, MA 02301                                (617) 742-9015
(508) 583-4280                                        rmg@goldstein-lawfirm.com
kevinreddington@msn.com

Dated: May 7, 2012

**<u>Certificate of Service</u>**

      I, Robert M. Goldstein, hereby certify that on this date, May 7, 2012, a copy of the foregoing document has been served via ECF upon all registered parties, including Assistant U.S. Attorneys Laura Kaplan and Zachary Hafer.

<u>**/s/ Robert M. Goldstein**</u>
Robert M. Goldstein