UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Criminal No. 11-10201-NMG |
| | ) |
| | ) |
| ROBERT A. GEORGE, | ) |
| | ) |
| Defendant | ) |
| | ) |

### GOVERNMENT'S MOTION REGARDING ADMISSION OF CO-CONSPIRATOR STATEMENTS PURSUANT TO FED. R. EVID. 801(d)(2)(E)

The government submits this memorandum in support of admission at trial of designated statements made by the co-conspirator, Michael Hansen ("Hansen"). Federal Rule of Evidence 801(d)(2)(E) provides that such statements are not hearsay if "made by a co-conspirator of a party during the course and in furtherance of the conspiracy."

The government requests that the Court find, by a preponderance of the evidence, the existence of a money laundering conspiracy beginning from at least February 2009 through Jun 8, 2010, which conspiracy included Robert George ("the defendant") and Hansen. The request is based on both the testimony of Ronald Dardinski ("Dardinski") and the tapes corroborating said testimony, beginning in February 2009, which establish that the defendant and Hansen engaged in a conspiracy to launder Dardinski's illegal proceeds.[1]

---

[1] The defendant has erroneously argued that the government must establish that the defendant knew that the conspiracy

The government respectfully suggests that the evidence of the defendant and Hansen's ongoing conspiracy, beginning in on or about February 2009, by a preponderance of the evidence, establishes the existence of a conspiracy so as to permit the government to offer co-conspirator statements of Hansen against the defendant pursuant to Fed. R. Evid. 801(d)(2)(E).

By this memorandum, the government summarizes briefly the pertinent evidence admitted thus far and further respectfully requests that this Court make findings pursuant to United States v. Petroziello, 548 F. 2d 20 (1st Cir. 1977), at the close of the government's case-in-chief, having accepted the co-conspirator statements during the course of the government's case, as counseled by United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir.), cert denied, 449 U.S. 956 (1980).

The case law in this Circuit provides that, once a given defendant joins a conspiracy, the statements of his co-conspirators are admissible against him regardless of when his involvement began. See United States v. Masse, 816 F.2d 805, 811 (1st Cir. 1987) ("statement made by a co-conspirator ... in furtherance of the conspiracy ... admissible against the defendant even if made prior to the defendant's involvement in the conspiracy"). See also

---

involved proceeds of drug trafficking or wire fraud.  For the conspiracy charged in Count One, the government must establish that the defendant and Hansen knew that the money to be laundered represented the proceeds of **some form of unlawful activity**, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>United States v. Reynolds</u>, 828 F.2d 46, 47 (1st Cir. 1987) (same). Given this legal standard, the government respectfully suggests that the evidence admitted to date is sufficient to support the admission of co-conspirator statements pursuant to the case law and Fed. R. Evid. 801(d)(2)(E).

### *Pertinent Evidence Admitted Thus Far*

The government's evidence came from the defendant's own voice on the tapes, which was corroborated by Dardinski's testimony about the various telephone calls and meetings between the defendant, Dardinski, and Hansen.  It is understood that a government agent cannot be a co-conspirator.  The conspiracy in this case involves the defendant and Hansen.

The conversations, beginning with the very first call between the defendant and Dardinski, on March 18, 2009, demonstrate that, prior to March 18, 2009, the defendant had already engaged in discussions with Hansen about Dardinski's need to hide his (Dardinski's) money.  In that call, the defendant is heard advising Dardinski that "you don't have a worry in the world with *this guy*." The defendant continues on and tells Dardinski, "It's *his* responsibility.  What *he's* going to do is give you the check that you need...I'll call *him* up...I'll tell *him we're* all set."  The defendant next tells Dardinski, "According to the way *he* explained it to me... you don't have to sign anything."  Thus, it is clear from the very first recorded telephone conversation between the defendant and Dardinski that the defendant has spoken with his co-

conspirator, Hansen, and entered into an agreement with Hansen to launder Dardinski's money. That alone is evidence of a conspiracy sufficient to permit introduction of co-conspirator statements pursuant to Fed R.Evid. 801 (d)(2)(E). But there is more.

In the next three calls between the defendant and Dardinski, the defendant and Dardinski discuss the specific details of how the conspiracy to launder Dardinski's money will work, including the defendant providing Dardinski with the name of his co-conspirator's company, East Coast Mortgage (April 6, 2009 call, page 3). This is the company from whom Dardinski will receive the check in exchange for his dirty money. In that call, the defendant also advises the defendant that, "I'm gonna give *him* $100,000. I'm gonna give *him* the money." Finally in that call, the defendant tells Dardinski, "And by the way, *he's* already agreed to do the rest." In the next call, the defendant advises Dardinski that Hansen "has agreed to do the rest." Again, the *him* in all of these conversations is defendant's co-conspirator Hansen. Thus, it is clear from the first several calls that the defendant and Hansen have discussed Dardinski's dirty money and their agreement to launder same. Later, the tapes reveal the defendant directing Dardinski to go directly to Hansen to launder his money.

### *CONCLUSION*

All of the above demonstrate that the defendant entered into a conspiracy with Hansen to launder Dardinski's money some time prior to March 18, 2009. Hansen's statements (those made prior to

June 2010 when Hansen became a cooperating witness) are co-conspirator statements which were made in furtherance of the conspiracy. The government therefore respectfully requests that this Court make findings pursuant to United States v. Petroziello, 548 F. 2d 20 (1st Cir. 1977), at the close of the government's case-in-chief, that the evidence admitted to date is sufficient to support the admission of co-conspirator statements pursuant to the case law and Fed. R. Evid. 801(d)(2)(E).

                                 Respectfully submitted,

                                 CARMEN M. ORTIZ
                               United States Attorney

By:  */s/ Laura J. Kaplan*
      _____
      LAURA J. KAPLAN
      ZACHARY R. HAFER
      Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

                               */s/ Zachary R. Hafer*
                               Zachary R. Hafer
                               Assistant United States Attorney

Date: June 3, 2010