UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-10201-NMG |
| | ) | |
| ROBERT A. GEORGE, | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR SPECIFIC ASSET (2008 Lexus)

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney

for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary

Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317,

and Rule 32.2 of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of

Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1.      On April 7, 2011, a federal grand jury sitting in the District of Massachusetts

returned a seven-count Indictment charging defendant Robert A. George (the "Defendant") with

Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count One); Money

Laundering, in violation of 18 U.S.C. §§ 1956(a)(3)(B) and 1956(a)(3)(C) (Counts Two through

Six); and Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C.

§ 5324(a)(1) (Count Seven).

2.      The Indictment contained a Money Laundering Forfeiture Allegation, which gave

the Defendant notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1),

upon conviction of one or more of the offense alleged in Counts One through Six of the

Indictment, of any and all property, real or personal, involved in such offense, and all property

traceable to such property.

3.      The Indictment also contained a Structuring Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture, pursuant to 31 U.S.C. § 5317(c)(1), upon conviction of the offenses alleged in Count Seven of the Indictment, of any and all property, real or personal, involved in such offense, and all property traceable to such property.

4.      On August 1, 2011, the United States filed a Bill of Particulars for the Forfeiture of Assets (*see* Docket No. 21), providing notice of specific property the government intended to forfeit pursuant to 18 U.S.C. § 982 and 31 U.S.C. § 5317 as a result of violations of 18 U.S.C. § 1956 and 31 U.S.C. § 5324.   The property identified in the Bill of Particulars included any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

   a.      one 2008 Lexus GS350, Vehicle Identification Number JTHCE96S480020435, and Massachusetts Registration Number 785MY9 March 11, 2004 (the "2008 Lexus").

5.      The Indictment further provided that if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 31 U.S.C. § 5317(c)(1), to seek forfeiture of any other property of the Defendant, up to the value of such property.

6.      On June 8, 2012, after an eight day jury trial, a jury found the Defendant guilty on Counts One through Seven of the Indictment.   *See* Docket No. 117.

7.      At trial United States Drug Enforcement Administration ("DEA") Special Agent Joseph Tamuleviz, Task Force Officer Pedro Nieves and Ronald Dardinski testified that the 2008 Lexus was property involved in the money laundering conspiracy.    Specifically, the evidence at trial established that the Defendant used the 2008 Lexus as transportation to and from various meetings with his co-conspirators, and on at least one occasion conducted a meeting in furtherance of the conspiracy with a co-conspirator inside the 2008 Lexus.    The following table details the Defendant's use of the 2008 Lexus in the money-laundering conspiracy:

| Date | Event | Use of 2008 Lexus |
|------|-------|-------------------|
| 4/6/2009 | Recorded meeting between Defendant and Ronald Dardinski regarding agreement to launder illegal proceeds | Meeting held inside 2008 Lexus in parking lot of Barnes and Noble bookstore in Braintree, Massachusetts |
| 4/27/2010 | Recorded meeting between Defendant and Ronald Dardinksi regarding agreement to launder illegal proceeds | Defendant drove 2008 Lexus to and from parking lot of Dunkin Donuts in Westwood, Massachusetts for meeting held in the parking lot and in Dardinski's vehicle |
| 6/1/2010 | Recorded meeting between Defendant and Ronald Dardinski regarding agreement to launder illegal proceeds | Defendant drove 2008 Lexus to and from parking lot of Dunkin Donuts in Westwood, Massachusetts for meeting held in Dardinski's vehicle |
| 7/29/2010 | Recorded meeting between Defendant and Michael Hansen regarding agreement to launder illegal proceeds | Defendant drove 2008 Lexus to and from Dedham Hilton in Dedham, Massachusetts for meeting held in the lobby of the hotel |
| 8/17/2010 | Recorded meeting between Defendant and Michael Hansen in which Hansen wrote Defendant a check for $20,000 as commission for money laundering | Defendant drove 2008 Lexus to and from meeting held in Sotheby's office on High Street in Westwood, Massachusetts |

| 9/23/2010 | Recorded meeting between Defendant and Michael Hansen in which Defendant returned the $20,000 check from the 8/17/2010 meeting and Hansen gave Defendant $20,000 in United States currency | Defendant drove 2008 Lexus to and from meeting held in Sotheby's office on High Street in Westwood, Massachusetts |
|---|---|---|
| 3/4/2011 | Recorded meeting among Defendant, Ronald Dardinski and Task Force Officer Pedro Nieves (acting in an undercover capacity) in which Defendant was paid $25,000 in United States currency | Defendant drove 2008 Lexus to and from Dedham Hilton in Dedham, Massachusetts for meeting held in the lobby of the hotel |
| 3/18/2011 | Recorded meeting between Defendant and Ronald Dardinski in which Defendant gave Dardinski a check for $2,500 | Defendant drove 2008 Lexus to and from parking lot of Dunkin Donuts in Westwood, Massachusetts for meeting held in the donut shop |

8.     Based upon this use of the 2008 Lexus in the money laundering conspiracy, the United States has established the requisite nexus between the 2008 Lexus and the offenses to which the Defendant was convicted.   Pursuant to 18 U.S.C. § 982(a)(1), "[t]he court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, _shall_ order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." (Emphasis added).

9.     Courts have interpreted the language "involved in such offense" broadly to "include the money or other property being laundered . . . and any property used to facilitate the laundering offense."   _United States v. McGauley_, 279 F.3d 62, 76 n. 14 (1st Cir. 2002); _United States v. Hawkey_, 148 F.3d 920, 927 (8th Cir. 1998) ("Property 'involved in' an offense 'include[s] . . . any property used to facilitate the laundering offense.'" (quoting _United States v. Bornfield_, 145 F.3d 1123, 1135 (10th Cir. 1998)).   Property facilitates an offense if it "make[s] the

4

prohibited conduct . . . less difficult or more or less free from obstruction or hindrance or detection." *McGauley*, 279 F.3d at 75-77.

10.     In this case the 2008 Lexus made it easier for the Defendant to commit the crime, and accordingly facilitated the offense.   Without the 2008 Lexus, it would have been significantly more difficult for the Defendant to meet with Ronald Dardinski, Michael Hansen and the undercover officer to negotiate and effectuate the money laundering conspiracy.   In addition, the vehicle was not merely transport for the Defendant to and from meetings, but was on at least one occasion the location for a meeting between the Defendant and Ronald Dardinski.

11.     Moreover, the connection between the 2008 Lexus and the money laundering conspiracy is not incidental or fortuitous.   The Defendant used the vehicle no less than eight times to further the conspiracy.   "Just one use of the property may be enough, given that a single violation is sufficient under [the applicable narcotics statute]." *United States v. One Parcel of Real Estate Commonly Known as 916 Douglas Ave.*, 903 F.2d 490, 494 (7th Cir. 1990).   The fact that another mode of transportation could have been used, or another location used to conduct the meeting held inside the vehicle is not a bar to forfeiture.   *See United States v. Heldeman*, 402 F.3d 220, 222 (1st Cir. 2005) (holding that the fact that the illegal activities could have occurred elsewhere is not a defense against forfeiture).   In addition, the 2008 Lexus was used to facilitate *the money laundering conspiracy*, not to facilitate the underlying specified unlawful activity that generated the illegal proceeds.   *See United States v. Iacaboni*, 221 F. Supp.2d 104, 116-117 (D. Mass. 2002) (house was involved in the underlying gambling offense, but not involved in the money laundering offense), *aff'd in part and rev'd in part and remanded by* 363 F.3d 1, 7 (1st Cir. 2004).   The 2008 Lexus was property involved in Defendant's money laundering conspiracy, and

accordingly is forfeitable to the United States.   *United States v. Stanholtzer*, __ Fed. Appx. __, 2012 WL 3986730 *1 (9th Cir. 2012) (upholding forfeiture of truck defendant used to drive to various bank branches to make deposits in the commission of a structuring offense in violation of 18 U.S.C. § 5324).

12.     Pursuant to 18 U.S.C. § 982 and 31 U.S.C. § 5317, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the 2008 Lexus.

13.     Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982 and 31 U.S.C. § 5317, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Order, notice of the United States' intent to dispose of the 2008 Lexus in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the 2008 Lexus must file a petition with the Court within thirty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

14.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the 2008 Lexus, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the 2008 Lexus and any additional facts supporting the petitioner's claim and the relief sought.

15.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the 2008 Lexus that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture for Specific Asset in the form submitted herewith;

(b)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture for Specific Asset, in the oral pronouncement of the Defendant's Sentence; and

(c)     incorporate the Preliminary Order of Forfeiture for Specific Asset in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney,


By:     /s/ Mary B. Murrane
        LAURA J. KAPLAN
        ZACHARY R. HAFER
        MARY B. MURRANE
        Assistant United States Attorneys
        United States Courthouse
        Suite 9200, 1 Courthouse Way
        Boston, MA 02210
Date:   October 4, 2012            mary.murrane@usdoj.gov


## CERTIFICATE OF SERVICE

I, Mary B. Murrane, Assistant U.S. Attorney, hereby certify that the foregoing documents were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


        /s/ Mary B. Murrane
        Mary B. Murrane
Date: October 4, 2012              Assistant United States Attorney