UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-10201-NMG |
| | ) | |
| ROBERT A. GEORGE, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317, and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture (Money Judgment) is submitted herewith. In support thereof, the United States sets forth the following:

1. On April 7, 2011, a federal grand jury sitting in the District of Massachusetts returned a seven-count Indictment charging defendant Robert A. George (the "Defendant") with Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count One); Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(3)(B) and 1956(a)(3)(C) (Counts Two through Six); and Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324(a)(1) (Count Seven).

2. The Indictment contained a Money Laundering Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1), upon conviction of one or more of the offense alleged in Counts One through Six of the

Indictment, of any and all property, real or personal, involved in such offense, and all property traceable to such property.

3.      The Indictment also contained a Structuring Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture, pursuant to 31 U.S.C. § 5317(c)(1), upon conviction of the offenses alleged in Count Seven of the Indictment, of any and all property, real or personal, involved in such offense, and all property traceable to such property.

4.      The Indictment further provided that if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 31 U.S.C. § 5317(c)(1), to seek forfeiture of any other property of the Defendant, up to the value of such property.

5.      On August 1, 2011, the United States filed a Bill of Particulars for the Forfeiture of Assets (*see* Docket No. 21), providing notice of specific property the government intended to forfeit pursuant to 18 U.S.C. § 982 and 31 U.S.C. § 5317 as a result of violations of 18 U.S.C. § 1956 and 31 U.S.C. § 5324.   The property identified in the Bill of Particulars included any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

   a.    one 2008 Lexus GS350, Vehicle Identification Number JTHCE96S480020435, and Massachusetts Registration Number 785MY9 March 11, 2004 (the "2008 Lexus").

6. On June 8, 2012, after an eight day jury trial, a jury found the Defendant guilty on Counts One through Seven of the Indictment. *See* Docket No. 117.

7. Based on the evidence and testimony presented during the eight day trial, as well as the June 8, 2012 jury verdict, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $39,500.00 in United States currency.

8. Pursuant to 18 U.S.C. § 982(a)(1), "[t]he court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, *shall* order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." (Emphasis added).

9. In this case, the funds involved in the money laundering offenses totals $229,500 ($100,000 in Count Two; $100,000 in Count Three; $9,000 in Count Four; $8,000 in Count Five; $2,500 in Count Six). Based upon the Defendant's role, the United States requests forfeiture of the funds that were paid to the Defendant in the commission of the money laundering crime, which is well within the Court's authority and applicable law. *See United States v. Aguasvivas-Castillo*, 668 F.3d 7, 17 (1st Cir. 2012) (upholding entry of a $20 million money judgment against defendant even though defendant's gain in the money laundering conspiracy was estimated to be only $4.4 million).

10. In addition, $17,000 of the $39,500 is further forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(1), and the conviction of the structuring offense charged in Count Seven of the Indictment, as property, real or personal, involved in such offense, and all property traceable to such property. Because the same $17,000 is property involved in Counts

3

Four and Five, the United States does not double count these funds in the total money judgment requested herein.

11.     The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

12.     Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendants, having a value up to the amount of the money judgment. *See United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

13.     Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.    Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982(b)(1) and 31 U.S.C. § 5317(c)(1), (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).    In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal

Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, by virtue of the June 8, 2012 jury verdict and the Defendant's conviction, a money judgment in the amount of $39,500.00 in United States currency should be entered against the Defendant. The United States respectfully requests that this Court enter an Order of Forfeiture (Money Judgment) in the form submitted herewith.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney,

By:   /s/ Mary B. Murrane
LAURA J. KAPLAN
ZACHARY R. HAFER
MARY B. MURRANE
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Date:   October 4, 2012                    (617) 748-3100


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing documents were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Mary B. Murrane
MARY B. MURRANE
Date:   October 4, 2012                    Assistant United States Attorney